STEPTOE & JOHNSON LLP
STEPHANIE A. SHERIDAN, State Bar No. 135910
*ssheridan@steptoe.com*
ANTHONY J. ANSCOMBE, State Bar No. 135883
*aanscombe@steptoe.com*
MEEGAN B. BROOKS, State Bar No. 298570
*mbrooks@steptoe.com*
One Market Street
Steuart Tower, Suite 1800
San Francisco, CA 94105
Telephone: 415.365.6700
Facsimile: 415.365.6699

Attorneys for Defendant
SWAROVSKI NORTH AMERICA LIMITED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA LERMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SWAROVSKI NORTH AMERICA LIMITED, SWAROVSKI RETAIL VENTURES LIMITED, SWAROVSKI DIGITAL BUSINESS USA INC. and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. '19CV0638 LAB BLM<br><br>**NOTICE OF REMOVAL**<br><br>[Originally San Diego County Superior Court Case No. 37-2019-00011559-CU-BT-CTL] |

-1-
NOTICE OF REMOVAL
Doc. # DC-13287240 v.1

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

**PLEASE TAKE NOTICE** that Defendant Swarovski North America Limited ("Swarovski"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California.

## I. INTRODUCTION

1. This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this Action is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

## II. BACKGROUND

2. On March 1, 2019, Plaintiff Anna Lerman, purportedly on behalf of herself and all others similarly situated, filed a civil action in the San Diego Superior Court entitled *Anna Lerman v. Swarovski North America Limited*, San Diego County Superior Court, Case No. 37-2019-00011559-CU-BT-CTL. (*See* Exhibit A, which includes the summons, Complaint and all of the documents served on Swarovski.) Swarovski has not been served with any other process or pleading, nor is it aware of the filing of any other process or pleading.

3. The Complaint, which is styled as a class action, purports to bring claims under California's Invasion of Privacy Act ("CIPA"), Penal Code §§ 630, *et seq*. (Complaint ¶ 2.) Plaintiff's Complaint arises from two purported telephone calls with Swarovski's toll-free customer service while Plaintiff was a resident of California, in San Diego County. *Id*. ¶ 8.

4. The proposed putative class consists of "[a]ll California residents who, while located in California at any time during the one-year period of time preceding the filing of the original Complaint and until said practice is terminated ('Class Period'), called Defendants' toll-free customer service number 1-800-426-3088 while one or both parties were using a cellular or cordless telephone and whose calls were recorded by Defendants without warning or disclosure at the call outset." (Complaint ¶ 24.)

5. Plaintiff served the Complaint upon Swarovski by personal service on March 6, 2019. *See* Exhibit A, page 1.

6. Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiff's class definition, or the validity of Plaintiff's claim for relief. Swarovski reserves the right to supplement and amend this Notice of Removal.

### III. REQUIREMENTS FOR REMOVAL UNDER CAFA

7. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2, 5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

## IV. THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

### A. The Number of Proposed Class Members Exceeds 100

8. The Complaint alleges that members of the putative class are "so numerous that joinder of all members is impracticable," but does not identify the number of class members. (Complaint ¶ 28.)

9. According to Plaintiff's Complaint, the putative class is "[a]ll California residents who, while located in California at any time during the one-year period of time preceding the filing of the original Complaint and until said practice is terminated ("Class Period"), called Defendants' toll-free customer service number 1-800-426-3088 while one or both parties were using a cellular or cordless telephone and whose calls were recorded by Defendants without warning or disclosure at the call outset." (Complaint ¶ 24.) Plaintiff alleges that <u>all</u> customer service calls are recorded. (See, e.g. Complaint ¶ 21 – "Plaintiff is further informed and believes and thereon alleges, that during the Class Period, Defendants intentionally utilized certain computer hardware and software technology ('Call Recording Technology') to execute a company-wide policy and practice of recording inbound telephone communications with callers, including California callers.")

10. The Complaint clearly pleads that more than 100 individuals from the State of California called Defendants' toll-free customer service number 1-800-426-3088 during the putative class period. Swarovski's toll-free customer service number is available Monday – Sunday 8:00am – 1:00am EST. Thus, if the customer service number received less than two customer calls a day during the one-year class period, the class size requirement would be satisfied. The size of the putative class thus well exceeds 100 members.

### B.     The Amount in Controversy Exceeds $5 Million

11.     Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in her Complaint, and does not waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by accepting Plaintiff's allegations as true. See *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."). Here, taking Plaintiff's allegations as true, the amount in controversy in this action (including attorney's fees) exceeds $5,000,000.

12.     Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50, (2014) (citations omitted); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'").  Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case."  Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

13.     Plaintiff seeks an order awarding Plaintiff and each member of the Class statutory damages of five thousand dollars ($5,000) per violation under

California Penal Code § 637.2(a)(1).  (Prayer for Relief ¶ 3.)  This means that the $5,000,000 amount in controversy requirement would be satisfied if the class contains just 1,000 members, or just over three callers per day.

14. Moreover, Plaintiff also seeks an award of attorney's fees.  (Prayer for Relief ¶ 5.)  This amount should also be included in connection with the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees.  *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of 10 the common fund).  Assuming the amount in controversy is $5,000,000, an award of 25% attorneys' fees based upon such amount would be an additional $1,250,000.

15. Plaintiff also seeks injunctive relief.  The potential cost of compliance with a request for injunctive relief may be considered when calculating the amount put in controversy under CAFA.  *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n9 (E.D. Cal. Apr. 22, 2008) (noting that under CAFA, the amount put in controversy includes defendants' potential cost of compliance with a request for injunctive relief); *see also* James Wm. Moore et al., Moore's Federal Practice's 102.26(c)(iii) (3d ed. 2010) ("The amount in controversy in CAFA cases may be determined on the basis of the aggregate value to either the plaintiff class members or to the defendants").  The costs to comply with an injunction could potentially be significant and Plaintiff's request for injunctive relief further takes the amount in controversy over the statutory threshold.  *See* 28 U.S.C. § 1332(d)(2).

16. While Plaintiff's claim for damages, in itself, puts the amount in controversy above $5,000,000, the actual, punitive and statutory damages;

attorney's fees; and injunctive relief requested by Plaintiff make clear that this requirement is satisfied.

### C. Minimum Diversity Exists

17. The minimal diversity standard of CAFA is met as long as any one defendant is a citizen of a different state than any of the named plaintiffs. 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a resident of California. (Complaint ¶ 8.)

18. For purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). Swarovski is a Rhode Island corporation with its principal executive offices in Cranston, Rhode Island. (Complaint ¶ 10.) Thus, Swarovski is a citizen of Rhode Island, and no other state.

19. Thus, minimal diversity is satisfied because Plaintiff is a citizen of a state (California) different from Swarovski (Rhode Island).

### D. No CAFA Exceptions Apply

20. The Action does not fall within any of exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

## V. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

21. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a), 1446(a), because the Superior Court of the State of California for the County of San Diego is located within the Southern District of California.

22. This Notice of Removal is timely because it was filed within thirty days of March 6, 2019, the date on which Swarovski was served with the Summons and Complaint. 28 U.S.C. § 1446(b).

23. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and all other documents served on Swarovski are attached as Exhibit A.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof and concurrently therewith are being filed with the Clerk of the Superior Court for the County of San Diego. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiff.

## VI. CONCLUSION

Swarovski respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

DATED: April 3, 2019         STEPTOE & JOHNSON LLP

By: ____*/s/ Stephanie A. Sheridan*____
Stephanie A. Sheridan
Anthony J. Anscombe
Meegan B. Brooks
Attorneys for Defendant
SWAROVSKI NORTH AMERICA LIMITED