# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA LERMAN, on behalf of herself and others similarly situated,<br><br>                          Plaintiff,<br><br>vs.<br><br>SWAROVSKI NORTH AMERICA LIMITED, et al.<br><br>                         Defendants. | CASE NO. 19cv638-LAB (BLM)<br><br>**ORDER DENYING MOTION TO DISMISS [Dkt. 7]** |

Currently before the Court is the Swarovski Defendants' Motion to Dismiss. Dkt. 7. For the reasons below, that motion is **DENIED**.

The background of this case is straightforward. In January 2019, Plaintiff Anna Lerman placed two telephone calls to Swarovski's customer-service line. During those calls, she spoke with a live Swarovski representative to obtain information about her online merchandise purchase and to change an expected delivery date. Although the company representative provided no disclaimer that the calls might be recorded, Lerman alleges that the company nonetheless recorded her calls without consent, in violation of California Penal Code § 632.7. In fact, according to the complaint, Swarovski has company-wide policy of recording all inbound consumer telephone calls without providing notice, which is why Lerman has brought this suit as a putative class action. Swarovski now moves to dismiss the case, arguing that Lerman cannot state a claim under section 632.7.

- 1 -

As relevant here, section 632.7 imposes liability on anyone who "without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone . . . ."[1]

Crafty defendants have played up the ambiguity of section 632.7 for years. In *Brown v. Defender Security Co.*, 2012 WL 5308964 (C. D. Cal. 2012), for example, the defendant argued the statute's use of the word "intercept" suggests that the prohibition against surreptitious recording should apply only to third-party interceptors and not to known call participants. The court rejected that argument, finding that the "clear and unambiguous" language of the statute—which applies to anyone who "intercepts *or receives*" a call—also prohibited unconsented recordings by call participants. *Id.* at *5. The *Brown* court found it important that section 632.7 uses the terms "receives" and "intercepts" disjunctively, "which suggests that these terms are meant to apply to distinct kinds of conduct. *Id.* While "intercepts" may apply to an unknown party secretly accessing the conversation, "receives" is "naturally read to refer to something other than access to a conversation by an unknown interloper." *Id.*

Another district court reached the same result. In *Simpson v. Best W. Intern., Inc.*, 2012 WL 5499928 (N.D. Cal. 2012), the court disagreed with *Brown*'s conclusion that the section 632.7's language clearly and unambiguously applied to known call participants. But looking to the legislative history, the court nonetheless reached the same conclusion, holding that the statute's prohibition against surreptitious recording applied to known call participants and third parties alike. *See id.*, at *8–9 ("[T]he Legislature intended to extend the protections against recording landline conversations—which applied to parties—to

---

[1] In addition to these criminal penalties, section 632.7's twin provision—California Penal Code § 637.2—allows plaintiffs to recover civil damages of $5,000 per violation, which is the basis of Lerman's damages claim here.

cellular communications. Interpreting § 632.7 to only apply to third parties would defeat the Legislature's intent.").

The argument Swarovski advances here is a bit more nuanced. It doesn't argue that section 632.7 applies only to third-party interceptors, an argument that is largely foreclosed by the weight of persuasive precedent. Instead its argument goes something like this: section 632.7 prohibits recording "without consent" only where a party "intercepts or receives **and** intentionally records" that communication. In Swarovski's view, the phrase "without consent" modifies both "intercepts or receives" **and** "intentionally records." So here, even if Lerman didn't consent to Swarovski *recording* the call, she necessarily consented to the company *receiving* the call by virtue of her placing the call, and thus Swarovski cannot be liable.

Swarovski's construction, although creative, falls flat here. The most natural reading of the statute suggests that "intercepts or receives and intentionally records" refers to a single, combined act for which consent is needed. Consent to a defendant receiving a call does not then automatically give that defendant a hall pass to record the call. The reality, as Lerman correctly points out, is that a person cannot record a call without access to that call—that is, without either intercepting or receiving the call. To read the statute as requiring consent to both the reception of the call *and* the recording of the call would be to twist the plain language of the statute past its breaking point.

But even assuming for the sake of argument that the language was ambiguous, the Court couldn't adopt Swarovski's reading because it would frustrate the statute's purpose. *See Bob Jones Univ. v. United States*, 461 U.S. 574, 586 (1983) ("It is a well-established canon of statutory construction that a court should go beyond the literal language of a statute if reliance on that language would defeat the plain purpose of the statute."). California has a "strong and continuing interest in . . . prohibiting the recording of telephone conversations without the knowledge or consent of *all* parties to the conversation." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 125 (2006) (emphasis in original). That interest in preventing surreptitious recordings extends fully

to out-of-state companies like Swarovski. *Id.* at 126 ("If businesses could maintain a regular practice of secretly recording all telephone conversations with their California clients or customers in which the business employee is located outside of California, that practice would represent a significant inroad into the privacy interest that the statute was intended to protect."). Under Swarovski's reading, any customer-service call made to a business—or any call to anyone, for that matter—could be recorded by the recipient because the dialer necessarily consented to the other party "receiving" the call. Perhaps California would prefer that arrangement, but that's a decision to be made by its legislature, not by this Court.[2]

In short, the Court finds Swarovski's interpretation of section 632.7 creative but unpersuasive. As pled, Lerman's complaint states a valid claim for violation of section 632.7. Swarovski's motion to dismiss is **DENIED**. Dkt. 7.

**IT IS SO ORDERED**.

Dated: September 10, 2019

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[2] Given that Swarovski's proposed construction is just a variation on the decade-old argument that section 632.7 applies only to third-party interceptors, the Court is breaking no new ground here. As another district court has noted, "if the California legislature intended the statute not to . . . reach [call participants], it has been on notice of court opinions to the contrary for several years, and has done nothing, though there are numerous ways to make that limitation plain." *Gamez v. Hilton Grand Vacations Inc.*, 2018 WL 8050479, at *3 (C.D. Cal. 2018).